IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN BRADLEY CRAWFORD,
        Petitioner,

v.                                             Civil Action No. 3:19-cv-522

HAROLD W. CLARKE, Director,
Department of Corrections,
        Respondent.

## **OPINION**

John Bradley Crawford filed a petition pursuant to 28 U.S.C. § 2254 challenging his conviction in the Circuit Court of Hanover County, Virginia (the "Circuit Court"), for first degree murder and abduction with intent to defile six-year-old A.G. (the "G. abduction and murder"). Crawford presents the following claims:

    Claim A:     Counsel rendered ineffective assistance by failing to present evidence that a pickup truck identified by two different witnesses as being present at the scene of the crime "could not be linked to the [Crawford] in any manner."

    Claim B:     Counsel rendered ineffective assistance by failing to present evidence that (i) Crawford told K.S. and L.S. that he was paid to kidnap them and wanted a two-thousand dollar ransom; (ii) Crawford committed a breaking and entering and a larceny "just days before abducting [K.S. and L.S.] for a ransom;" and (iii) at or around the time of the abduction of K.S. and L.S., Crawford owed an acquaintance approximately two-thousand dollars.

    Claim C:     Counsel rendered ineffective assistance by failing to present evidence that (i) another person lived near the locations of the crimes, had access to a truck similar to the one discussed in Claim A, was previously convicted of sexual offenses against children, and offered a false, out-of-state alibi for his whereabouts around the time of the G. abduction and murder; and (ii) the police failed to connect that person to the G. abduction and murder.

    Claim D:     Counsel's errors in Claims A, B, and C, and the resulting prejudice, should be viewed in the aggregate.

(Dk. No. 1, at 13, 29, 36, 41.)

The respondent, Harold W. Clarke, has moved to dismiss the § 2254 petition. Because Crawford cannot show that his trial counsel's actions constituted ineffective assistance, and because the state court reasonably applied clearly established federal law, the Court will grant the motion to dismiss.

## I. **PROCEDURAL HISTORY**

On September 19, 2006, a grand jury in Hanover County, Virginia, returned an indictment charging Crawford with the G. abduction and murder. *Commonwealth v. Crawford*, Nos. CR0602M640-00, CR0602M640-01 (Va. Cir. Ct. Dec. 5, 2008). Following two trials that resulted in mistrials due to hung juries, a jury convicted Crawford on all counts and sentenced him to seventy years imprisonment. *Id.* On direct appeal, the Court of Appeals of Virginia denied the appeal, *Crawford v. Commonwealth*, No. 0404-09-2 (Va. Ct. App. Nov. 19, 2009), and the Supreme Court of Virginia refused the petition for appeal, *Crawford v. Commonwealth*, No. 100575 (Va. 2010).

Crawford then filed a state habeas petition in the Circuit Court, raising the same claims as he raises here.[1] (Dk. No. 7-4.) The Circuit Court denied and dismissed the petition. (Dk. No. 7-5.) Crawford appealed the Circuit Court's decision to the Supreme Court of Virginia, which affirmed in part, reversed in part, and remanded the matter for an evidentiary hearing as to Claim A. *Crawford v. Clarke*, No. 132044 (Va. 2014). Following the evidentiary hearing, the Circuit Court denied and dismissed Crawford's habeas petition. (Dk. No. 7-7.) Crawford appealed that decision to the Virginia Supreme Court, which refused the petition for appeal by order dated April 19, 2019. (Dk. No. 7-8.) Crawford then filed this federal petition for a writ of habeas corpus.

---

[1] Because Crawford's federal habeas claims are identical to the claims raised in the Circuit Court, the Court will refer to Crawford's habeas claims in the state court proceedings as defined in his federal petition.

2

## II. MATERIAL FACTS

### A. *Abduction of K.S. and L.S.*

Before his conviction of the G. abduction and murder in 2008, Crawford pled guilty to the abduction of K.S., age 10, and L.S., age 15 (the "S. abduction"). On May 18, 1981, Crawford abducted K.S. and L.S. from their home in Hanover County, Virginia. Shortly after the girls arrived home from school, Crawford, dressed in his work uniform, rang the doorbell and told the girls that he had run out of gas. After asking if they had any gas and if he could use the telephone, Crawford followed K.S. and L.S. into the garage, tied their hands behind their backs, and walked them behind their house where he had parked his truck. Crawford then drove the girls to a wooded area in eastern Hanover County where he tied them to a tree trunk using a hose and a blue shoelace. The police found K.S. and L.S. alive the next day. Crawford served approximately twenty-five years in prison for abduction and abduction with intent to defile.

### B. *A.G. Murder and Guilt Phase*

Shortly before Crawford's release from prison for the S. abduction, a grand jury in Hanover County, Virginia, returned an indictment charging Crawford with the G. abduction and murder. *Commonwealth v. Crawford*, Nos. CR0602M640-00, CR0602M640-01 (Va. Cir. Ct. Dec. 5, 2008). On December 3, 1980, A.G. was abducted from his home in Henrico County shortly after arriving home from school. On December 6, 1980, hunters discovered A.G.'s body, with hands and feet tied by rope, in a remote, wooded area in eastern Hanover County. An autopsy revealed that A.G. died from hypothermia after he suffered insect bites, abrasions, a large laceration over his left brow, and two small anal tears consistent with object penetration. The initial investigation in the winter of 1980 went cold and authorities never charged any suspect with the crime. In 2006, investigators re-opened the case and brought charges against Crawford.

At trial, the Commonwealth called several witnesses and presented evidence to establish Crawford's guilt. The jury heard from Theresa Wade, who testified that she saw Crawford at a holiday party shortly after the A.G. murder and overheard Crawford say, "I tied him up, he was kicking, he didn't put up much of a fight, and he thought we were playing a game." (Dk. No. 7-9, at 5.) K.S. testified about the abduction she and her sister experienced by Crawford in the S. abduction in 1981. Kevin Miller, an expert in pesticide residual analysis, testified that the commercial pesticide used by Crawford's employer was present on A.G.'s clothing and the ligatures used to bind A.G., K.S., and L.S. The Commonwealth also presented evidence that Crawford lived and worked close to the scenes of the S. abduction and the G. abduction and murder and had access to and used the commercial pesticide that was found on items from both abductions.

The defense presented little evidence aside from cross-examining the prosecution's witnesses. Crawford's defense counsel knew of and reviewed statements eyewitnesses made after the G. abduction and murder about a "red or red/gray with a black cab" pickup truck that was parked at A.G.'s home on the day of the abduction. (Dk. No. 7-7, at 2.) At trial, Crawford's father, for whom Crawford worked, testified that he owned a fleet of trucks for his extermination business. One of the company trucks was a 1978 red Ford pickup. Crawford's father also testified that Crawford had access to company trucks and did not necessarily drive the same truck every day. Additionally, Crawford owned a maroon Jeep Honcho pickup truck at the time of the abduction and "a four-wheel drive GMC pickup in 1980 and 1981 that was maroon in color according to his father." (*Id.*) Because Crawford had access to several trucks, and because eyewitnesses in 1980 described seeing a truck at the scene of the abduction, Crawford's defense counsel chose to avoid the issue at trial altogether. Instead, defense counsel's strategy focused primarily on drawing

distinctions between the G. abduction and murder and the S. abduction and disputing the forensic evidence.

On December 5, 2008, a jury convicted Crawford of the G. abduction and murder. On January 21, 2009, the Circuit Court imposed the jury sentence in full and sentenced Crawford to seventy years imprisonment.

### C. State Court Habeas Proceedings

On November 15, 2011, Crawford filed a petition for a writ of habeas corpus in the Hanover County Circuit Court. The state petition asserted the following four habeas claims for ineffective assistance of counsel: (1) "Counsel failed to present evidence to the jury that the [p]ickup [t]ruck, . . . as observed by two different witnesses in the driveway of [A.G.'s] home at the time [of the abduction], . . . did not match any vehicle accessible to" Crawford; (2) "Counsel failed to confront . . . [K.S.] with her contemporaneous statements to police . . . on May 20, 1981" that Crawford told K.S. and L.S. he had kidnapped them for ransom, and counsel failed to present other evidence showing that Crawford's motive in the S. abduction differed from the motive in the A.G. abduction and murder; (3) "Counsel failed to present evidence of [(i)] another suspect" and (ii) other evidence "that the police did not attempt to directly link [the other suspect]" to the G. abduction and murder; and (4) Crawford "was denied his right to effective assistance of counsel as a result of any and all of counsel's errors in Claims A, B, and C, and prejudice must be viewed in [the] aggregate." (Dk. No. 7-4, at 6, 13, 17, 20.)

The Circuit Court denied and dismissed the petition, finding that each claim failed the first prong of the *Strickland* test and thus, that defense counsel's decisions at trial were objectively reasonable and not constitutionally deficient. Crawford appealed the decision to the Supreme

Court of Virginia, which affirmed in part, reversed in part, and remanded the matter for an evidentiary hearing on Claim A.

At the evidentiary hearing on remand as to Claim A, Crawford's defense counsel testified that he "decided not to go down that route" when asked whether he wanted to introduce evidence relating to a red truck. (Dk. No. 7-10, at 47.) Defense counsel further stated, "[t]he similarities just concerned me . . . and the fact that [Crawford] had access to at least two trucks that were reddish in some regard. . . . I didn't want to touch that. I would have rather had no evidence at all than try and bring in something that could have [] connected [Crawford] . . . to the [A.G.] case." (*Id.*) Instead, defense counsel strategy focused on drawing distinctions between the A.G. and S. cases and disputing the forensic evidence.

Following the evidentiary hearing, the Circuit Court denied and dismissed Crawford's habeas petition. The Circuit Court found that defense counsel's decision not to introduce the truck evidence was "a viable trial strategy" and not unreasonable "as it was too likely to implicate [Crawford] instead of exonerate." (Dk. No. 7-7, at 3.) The Circuit Court also found defense counsel's trial performance to be within the wide range of reasonable professional assistance and, therefore, not ineffective. Finally, because the Circuit Court found defense counsel's trial performance effective, the Circuit Court concluded that Crawford could not have suffered any prejudice.

Crawford appealed the Circuit Court's decision to the Supreme Court of Virginia, which refused the petition for appeal by order. *Crawford v. Clarke*, No. 181297 (Va. 2019). Crawford then filed this federal petition for a writ of habeas corpus.

## III. LEGAL STANDARD

To obtain federal habeas relief, a petitioner must demonstrate that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribes the Court's authority to grant relief by way of a writ of habeas corpus. *See* 28 U.S.C. § 2254. "State court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008).[2]

The district court's review of the state court's factual findings is purposefully narrow. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (holding that the district court's review under § 2254(d) is limited to the evidentiary record before the state court because "[i]t would be contrary to [AEDPA's] purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*").

Additionally, a federal court may not grant habeas relief with respect to any claim that the state court adjudicated on the merits unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Appleby v. Warden*, 595 F.3d 532, 535 (4th Cir. 2010). "[T]o obtain federal habeas relief, 'a state prisoner must show that the state court's ruling on the claim being

---

[2] Under the AEDPA, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

7

presented in federal court was so lacking in justification that there was an error well understood and comprehended in the existing law beyond any possibility for fair-minded disagreement.'" *Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir. 2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101. By design, this highly deferential standard is "difficult to meet," and governs this Court's review of all legal determinations made on the merits by state habeas courts. *Id.* at 102.

Federal courts afford special deference in habeas cases raising ineffective assistance of counsel claims. Indeed, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.

## IV. **DISCUSSION**

Crawford presents four claims in his federal habeas petition. Claims A, B, and C assert ineffective assistance of counsel. Claim D asserts that the Court should view the prejudice resulting from Claims A, B, and C in the aggregate.

To demonstrate ineffective assistance of counsel, a petitioner must show (1) that counsel's representation was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong, the petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

8

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, a court need not determine whether counsel performed deficiently if the court can readily dismiss the claim for lack of prejudice. *Id.* at 697.

When counsel's errors include a failure to act, the standard remains deferential. *Id.* at 691 ("In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."). When assessing counsel's investigation, the Court must conduct an objective review of counsel's performance based on reasonableness under prevailing professional norms, which includes a "context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time of the decision." *Wiggins v. Smith*, 539 U.S. 510, 523, (2003). And "the strategic choices made [by counsel] after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

A petitioner in a § 2254(d) proceeding faces an even higher burden to establish that a state court unreasonably applied *Strickland*. *See Harrington*, 562 U.S. at 105. Both *Strickland*'s standards and § 2254(d) are "highly deferential," *Strickland*, 466 U.S. at 689, and when a petitioner invokes both, review is "doubly deferential." *Harrington*, 562 U.S. at 105 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Accordingly, when both standards apply, "[t]he question is not whether [trial] counsel's actions were reasonable. The question is whether there is any reasonable argument that [trial] counsel satisfied Strickland's deferential standard." *Id.*

### A. Claim A: Trial Counsel's Failure to Present the Truck Evidence

In Claim A, Crawford asserts that defense counsel failed to present evidence that the truck allegedly used to abduct A.G. did not match the truck that Crawford owned and used during the S. abduction. (Dk. No. 1, at 13.) Crawford relies on the testimony of defense counsel during the

evidentiary hearing to support his claim that these omissions constitute ineffective assistance of counsel. *Strickland*, however, requires the Court to apply an objective standard that does not depend on an attorney's own analysis of his or her representation. *See Wiggins*, 539 U.S. at 523.

In the state habeas proceedings, the Circuit Court denied Claim A after an evidentiary hearing. The Circuit Court reasoned as follows:

> There is a presumption that counsel's conduct falls within the wide range of reasonably effective assistance. To prove counsel's performance to be deficient, Petitioner must show his performance to be below that subjective standard. *Strickland v. Washington*, 466 U.S. 668 (1984). The Court finds that trial counsel was aware of the facts, made reasonable inquiry to determine the viability and usefulness of the eyewitness statements and chose as a viable trial strategy not to present it as it was too likely to implicate instead of exonerate.

(Dk. No. 7-7, at 3.) The Circuit Court found defense counsel's performance reasonable and not prejudicial to Crawford's case.

The Circuit Court made its determination after an evidentiary hearing during which defense counsel testified at length. Specifically, defense counsel testified that the eyewitness descriptions of the truck were similar to the multiple red trucks Crawford had access to at the time of the G. abduction and murder. Counsel testified that he consciously chose not to introduce the truck evidence and that he "would have rather had no evidence at all than try and bring in something that could have . . . connected [Crawford] . . . to the [A.G.] case." (Dk. No. 7-10, at 47.) Despite Crawford's insistence that counsel failed to appreciate the potentially mitigating effect such evidence would provide, courts may not "second-guess the tactical decision of [trial counsel] not to present every conceivable piece of mitigating evidence." *Burch v. Corcoran*, 273 F.3d 577, 589 (4th Cir. 2001). Defense counsel made a strategic and tactical decision to prevent the jury from seeing or hearing the truck evidence raised in Claim A. Indeed, "[i]n *Strickland*, the Court

recognized that 'strategic choices [by counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Strickland*, 466 U.S. at 690.

Additionally, counsel thoroughly investigated thousands of documents, including police reports, witness statements, and other reports related to the A.G. murder. Once defense counsel learned of the potentially inculpatory truck evidence, he chose not to use it. Instead, defense counsel chose to spend his time disputing forensic evidence and drawing distinctions between the S. abduction and the G. abduction and murder. Defense counsel thus made reasonable strategic decisions that do not meet the standard required for an ineffective assistance of counsel claim.

The Circuit Court considered counsel's lengthy testimony and correctly applied *Strickland* when it found that counsel's performance was within the wide range of professional assistance and thus not ineffective. (Dk. No. 7-7, at 3.) Additionally, the Circuit Court properly held that Crawford could not show prejudice because defense counsel failed to satisfy *Strickland*'s performance prong. Thus, the Circuit Court's ruling was not contrary to, and did not involve an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, the Court will dismiss Claim A.

### B. Claim B: Trial Counsel's Failure to Present Evidence Disputing Motive

In Claim B, Crawford argues that defense counsel failed to confront K.S. on cross-examination with statements she made to law enforcement in 1981. Specifically, Crawford asserts that defense counsel should have asked K.S. about Crawford's statements to her regarding his motive for abducting her and her sister. Crawford also asserts that defense counsel was ineffective because he failed to present evidence that Crawford owed money to an acquaintance and that Crawford had committed a separate, unrelated crime for pecuniary gain. Essentially, Crawford

11

contends that this evidence would show that he had a financial motive behind the S. abduction, which distinguishes it from the motive behind the G. abduction and murder. The Circuit Court denied Claim B because it failed the first prong of *Strickland*. *Crawford v. Clarke*, No. CL11001880-00, 2013 WL 8028835, at *2 (Va. Cir. Ct. July 29, 2013). The Circuit Court reasoned as follows:

> Which questions trial counsel chooses to ask a witness is clearly trial strategy. . . . Trial counsel obviously considered and sought an opportunity to develop an evidentiary basis to distinguish the abductions of [K.S. and L.S.] (as being for pecuniary gain) from the abduction of [A.G.] (with the intent to defile). . . . Trial counsel could have reasonably determined that further questions concerning [Crawford's] statements of intent would have been useless and that further attempts at impeachment would have risked the appearance of berating a victim [] in front of the jury. . . . Likewise, the other portions of Claim B fall squarely within the field of trial strategy. Trial counsel's decision not to introduce evidence of a separate unrelated crime by [Crawford] . . . was objectively reasonable. . . . [T]rial counsel's decision not to present evidence that . . . [Crawford] owed an acquaintance money was objectively reasonable . . . where such evidence, standing alone, was irrelevant and inadmissible.

*Id.*

The Circuit Court found that Crawford failed the performance prong of *Strickland* because he did not overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch*, 273 F.3d at 588. Additionally, the Circuit Court reasoned that the "questions trial counsel chooses to ask a witness" and defense counsel's decisions not to introduce certain evidence "fall squarely within the field of trial strategy." *Crawford*, 2013 WL 8028835, at *2. Indeed, "giving the attorney control of trial management matters is a practical necessity" and developing a defense strategy for trial necessarily includes deciding the evidence to introduce, "the objections to make, the witnesses to call, and the arguments to advance." *Gonzalez v. United States*, 553 U.S. 242, 249 (2008). Moreover, the Court

may not "second-guess the tactical decision of [trial counsel] not to present every conceivable piece of mitigating evidence." *Burch*, 273 F.3d at 589.

The Circuit Court correctly applied clearly establish federal law and made reasonable determinations of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Thus, the Court will dismiss Claim B.

### C. Claim C: Trial Counsel's Failure to Present Evidence of Another Possible Suspect

In Claim C, Crawford asserts that defense counsel was ineffective because he failed to present evidence of another possible suspect, that person's purportedly false alibi, and that the police failed to connect that person to the G. abduction and murder. *Crawford*, 2013 WL 8028835, at *2. The Circuit Court denied Claim C, reasoning that "there is nothing to indicate that trial counsel knew of the false alibi at the time of trial. What was unknown to law enforcement at the time would likely not have been known by trial counsel." *Id.* Accordingly, the Circuit Court held that "not introducing . . . evidence concerning another person which was unknown to trial counsel was objectively reasonable" and thus did not constitute ineffective assistance of counsel. *Id.*

If the state court "identifies the correct governing legal principle" as it existed at the time, a federal court must determine whether the state court "unreasonably applie[d] that principle to the facts of the [petitioner's] case." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A federal court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 182.

Here, the Circuit Court concluded that nothing in the record indicated that defense counsel knew about the allegedly false alibi at the time of Crawford's trial. Thus, the Circuit Court held that defense counsel's failure to introduce evidence of the false alibi was objectively reasonable. *See Miller v. Johnson*, No. 7:06cv611, 2007 WL 1725617, at *25 (W.D. Va. June 12, 2007)

(finding that the petitioner's ineffective assistance claim failed *Strickland* because the petitioner "fail[ed] to proffer any actual evidence that his attorneys did not have but would have discovered had they conducted the investigation as petitioner maintains they should have"). In assessing the evidentiary record before the Circuit Court, the Court finds nothing to suggest that defense counsel knew about the false alibi. Crawford has failed to point to any evidence to overcome the Circuit Court's conclusion. *See Cullen*, 563 U.S. at 182. Accordingly, the Circuit Court properly concluded that defense counsel's failure to introduce evidence of a possible alternate suspect did not amount to deficient performance,[3] especially when defense counsel did not know about the purportedly false alibi.

The Circuit Court correctly applied clearly establish federal law and made reasonable determinations of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Thus, the Court will dismiss Claim C.

### D. Claim D: Aggregate Prejudice

In Claim D, Crawford asserts that the Court should view the prejudice resulting from Claims A, B, and C in the aggregate. The Circuit Court denied Claim D, reasoning that "[b]ecause Claims A, B, and C fail the first prong of the *Strickland* test, there is no need to further analyze the claims for prejudice either singularly or cumulatively." *Crawford*, 2013 WL 8028835, at *3. Indeed, claims of ineffective assistance of counsel "must be reviewed individually, rather than collectively" in § 2254 proceedings. *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998); *see United States v. Russell*, 34 F. App'x 927, 927 (4th Cir. 2002) (per curiam) ("[I]t is not appropriate

---

[3] Under Virginia law, "proffered evidence that merely suggests a third party may have committed the crime charged is inadmissible; only when the proffered evidence tends clearly to point to some other person as the guilty party will such proof be admitted." *Elliot v. Commonwealth*, 267 Va. 396, 593 S.E.2d 270, 287 (2004).

to consider the cumulative effect of attorney error when the individual claims of ineffective assistance do not violate the defendant's constitutional rights."). Because Crawford cannot show any constitutional violation in Claims A, B, or C, the Court will dismiss Claim D.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Clarke's motion to dismiss and will deny Crawford's § 2254 Petition.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A judge will not issue a COA unless a petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No facts or law suggest that Crawford is entitled to further consideration in this matter. Thus, the Court will deny a COA.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 28 February 2020
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

15